IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| MICHAEL JAMES TAYLOR, | ) |
| Plaintiff, | ) Case No. 2:23-cv-4671-RMG-MGB |
| v. | ) **COMPLAINT** |
| UNITED STATES OF AMERICA AND DRUG ENFOREMENT ADMINISTRATION, | ) |
| Defendant. | ) |

**TO THE DEFENDANTS ABOVE-NAMED:**

COMES NOW the Plaintiff, Michael James Taylor, complaining of the Defendants, United States of America and Drug Enforcement Administration, who through his undersigned counsel, respectfully shows unto the Court as follows:

The Fourth Amendment to the United States Constitution provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

The Defendants violated Plaintiff's Constitution rights to be secure in his person from unreasonable searches and seizures when the Defendants falsely arrested Plaintiff and confined Plaintiff for twenty two days in jail before releasing him.

## PARTIES AND VENUE

1. The Plaintiff, pursuant to 28 U.S.C. §1332(c)(2), is a citizen and resident of the State of South Carolina.

2. Defendant United States of America and Drug Enforcement Administration had and continues to have systematic and continuous connections to the State of South Carolina. The Defendant, through the Drug Enforcement Administration, committed a tortious act and caused a tortious injury in South Carolina. The Court has personal jurisdiction over the Defendant pursuant to 28 U.S.C. § 2401(b).

3. This action also arises under 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of South Carolina.

4. This Court has subject matter jurisdiction to adjudicate the allegations set forth herein.

5. Venue and Jurisdiction are proper in this Court because a substantial part of the events or omissions giving rise to these allegations occurred in Charleston County, South Carolina.

## FACTUAL ALLEGATIONS

6. On or about April 23, 2020 a Defendant Drug Enforcement Administration task force was conducting surveillance in relation to the investigation of a drug distribution conspiracy in Charleston County, South Carolina. Part of this surveillance included the "tapping" of cell phones of suspects believed to be part of the drug conspiracy.

7. While monitoring the cell phone of one suspect, a recorded call was received from a cell phone number with an unknown owner by the Defendant. This cell number was not ever owned or used by the Plaintiff. The Defendant monitored and recorded this conversation between the known suspect and unknown suspect (who was Daniel Frazer) via the cell phone number.

8. The Defendant observed the unknown (Daniel Frazer) suspect arrive to meet the known suspect in a red Nissan Altima (South Carolina Registration Number RWQ 106) in North Charleston, South Carolina. This vehicle was registered with the name and address of the Plaintiff. The vehicle was purchased, owned and used exclusively by Daniel Frazer who neither lives with or is a relative of the Plaintiff. Based upon information and belief, Mr. Frazer put the red Nissan Altima's registration in the Plaintiffs name in order to secure car insurance.

9. Shortly after the meeting Daniel Frazer and the known suspect were also observed by the Defendant meeting at a Taco Bell in Charleston, South Carolina.

10. After these two brief visual identifications, the Defendant used the South Carolina drivers license photograph of the Plaintiff, obtained based on the red Nissan Altima Vehicle registration number only, to mistakenly and negligently misidentify the Plaintiff as the actual unknown suspect, Daniel Frazer. The Defendant failed to use any other investigative methods to determine who the real owner and driver of the red Nissan Altima actually was or the cell phone number used on April 23, 2020.

11. As a result of the negligence of the Defendant the Plaintiff was arrested on or about November 2, 2020 and spent the next twenty two days in the Charleston County Detention Center. He also was fired from the two jobs he was presently working. The negligence was discovered and the charges were dismissed on or about March 18, 2021.

### FIRST CAUSE OF ACTION
### Violation of Fourth and Fourteenth Amendments

12. Plaintiff incorporates by reference the allegations set forth above as fully as if repeated herein.

13. The conduct of Defendants violated the civil rights of Plaintiff, including violation of the Plaintiff's rights found in the Fourth and Fourteenth Amendments of the United States Constitution and those under the State of South Carolina.

14. On November 2, 2020 Plaintiff was unlawfully arrested by Defendants without any reasonable suspicion or probably cause. Thereafter, Plaintiff spent twenty two days incarcerated for this invalid and fraudulent arrest.

15. There was no reasonable suspicion or probable cause to arrest Plaintiff.

16. The warrant used to arrest Plaintiff was facially invalid as it fails to set forth any set of facts to show the occurrence of any crime under the laws of the State of South Carolina or the United States related to the Plaintiff.

17. As a direct and proximate result of these violations, and in accordance with 42 USCA §§ 1983 and 1988, Plaintiffs civil rights have been violated in that Plaintiff has suffered and will continue to suffer actual, consequential, punitive, and special damages as descried in this Complaint as well as to incur attorney's fees, costs, and expenses.

### FOR A SECOND CAUSE OF ACTION
### False Arrest/ False Imprisonment

18. Plaintiff incorporates by reference the allegations set forth above as fully as if repeated herein.

19. Plaintiff was subjected to an unlawful and invalid restrain when he was arrested by Defendants without reasonable suspicion or probably cause. Based on a facially invalid and void warrant, Plaintiff was restrained and detained by Defendants in deprivation of his personal liberty, all without probable cause.

20. Defendants continued to unlawfully restrain and detain Plaintiff by failing to timely and properly process Plaintiff at the Detention Center.

21. This restraint was intentional and unlawful.

22. As a direct and proximate result of Defendants' actions, Plaintiff sustained injuries and incurred actual, consequential and special damages to which he is entitled to recover against Defendants.

## THIRD CAUSE OF ACTION
### Negligence/Gross Negligence

23. Plaintiff incorporates by reference the allegations set forth above as fully as if repeated herein.

24. Defendants were negligence, reckless, and grossly negligent in one or more of the following particulars:

   a. In failing to exercise due care under the circumstances;

   b. In violating their own policies and procedures;

   c. In failing to adopt and implement rules and polices to protect against void, invalid, and facially deficient warrants;

   d. In failing to train and supervise employees to enter factually accurate information for pre arrest identification or in failing to train and supervise employees regarding pre arrest identification procedure and facially invalid warrants and refusal to serve same;

   e. In failing to adopt and implement rules and policies regarding pre arrest identification procedure and the standards of probably cause or if such rules and policies exist, failing to enforce compliance with them; and

   f. Other acts or omissions as may be revealed throughout discovery.

25. Plaintiff incurred actual, consequential, and special damages to which he is entitled to recover against Defendants.

## FOURTH CAUSE OF ACTION
### Slander/Defamation Per Se

26. Plaintiff incorporates by reference the allegations set forth above as fully as if repeated herein.

27. Defendants unlawfully arrested and/or caused Plaintiff to be unlawfully arrested.

28. Defendants knew or should have known the arrest was unlawful and improper.

5

29. Defendants' actions towards Plaintiff were reckless and/or consciously indifferent to the rights of the Plaintiff.

30. Defendants unlawfully and improperly published false and defamatory information regarding the Plaintiff when they entered and/or maintained a database containing false information regarding Plaintiff's commission of a crime; including but not limited to the warrant at issue herein.

31. Defendants publication of this information was done with reckless disregard for the truth or with actual knowledge of its falsity.

32. Defendants actions in unlawfully arresting Plaintiff caused a public spectacle that was seen and observed by Plaintiffs' family and friends, substantially injuring Plaintiff's reputation and standing in the neighborhood and community at large.

33. Defendants subsequently released to the media false defamatory information regarding Plaintiff's commission of a crime wherein Defendants published a mugshot photograph, Plaintiff's name, age, city of residence, and the facts of his arrest.

34. Defendants knew or should have known that the information published was false and totally lacking in any factual or legal basis.

35. Defendants publication of this information was published as a result of their reckless disregard for the truth or with actual knowledge that the information was false.

36. Defendants' actions caused damage to Plaintiff's standing and reputation in his community.

37. As a direct and proximate cause of Defendants actions, Plaintiff has experienced and suffered actual, consequential, and special damages including but not limited to substantial injury to his personal reputation and standing in the community.

38. Plaintiff hereby demands judgment against Defendants and seek actual, special, consequential damages, and punitive damages in a reasonable amount as determined by a jury, and costs and attorneys' fees.

### FIFTH CAUSE OF ACTION
#### Assault and Battery

39. Plaintiff incorporates by reference the allegations set forth above as fully as if repeated herein.

40. Defendants, individually and acting through their agents and/or employees, did place Plaintiff in reasonable apprehension and fear of being struck, groped, handcuffed, and searched as more fully described herein.

41. Defendants, individually and acting through their agents and/or employees, did physically contact Plaintiff in the process of subjecting him to an unlawful arrest thereby causing him physical injury, pain, and damages. Defendants repeated this conduct throughout Plaintiff's unlawful arrest and confinement, subjecting Plaintiff to repeated threats of physical batter and actual battery of his person through unwarranted and unauthorized physical groping and handling of his person.

42. Plaintiff did not consent to such apprehension, fear, or touching by Defendants.

43. As a direct and proximate cause of Defendants acts and omissions, Plaintiff suffered injuries and damages as more fully set forth herein.

44. Plaintiff hereby demands judgment against Defendants and seek all actual, special, and consequential damages in a reasonable amount as determined by a jury.

**WHEREFORE, Plaintiff prays this Honorable Court enter judgment in his favor and further as follows:**

    a. Grant Plaintiff has actual, incident, and consequential damages in his Causes of Action;

b. Grant Plaintiff his costs in this action, including reasonable attorneys' fees, pursuant to 42 U.S.C. § 1988 and any other applicable authority;

c. Grant an award of punitive damages against Defendants for their violations of Plaintiff's rights pursuant to the United States Constitution;

d. Grant Plaintiff such other relief as this Court deems just and equitable.

TRIAL BY JURY IS DEMANDED.

          CALHOUN LAW FIRM

          **s/Mark Calhoun**
          Attorney Mark Calhoun, #12917
          Calhoun Law Firm
          37 Broad Street
          Charleston, SC 2901
          (843) 991-5631
          mark@calhounlawfirmsc.com

          Attorney For Plaintiff

Date: September 14, 2023
Charleston, South Carolina