IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| MICHAEL JAMES TAYLOR, | ) |
| Plaintiff, | ) Case No.2:23-CV-04671-RMG-MGB |
| v. | ) **AMENDED COMPLAINT** |
| UNITED STATES OF AMERICA, DRUG ENFORCEMENT ADMINISTRATION, RODNEY RAPE, GARY LAWRENCE, BRENDAN MCSHEEHY AND JOHN DOE OFFICER | ) |
| Defendants. | ) |

**TO THE DEFENDANTS ABOVE-NAMED:**

COMES NOW the Plaintiff, Michael James Taylor, complaining of the Defendants, United States of America and Drug Enforcement Administration, who through his undersigned counsel, respectfully shows unto the Court as follows:

The Defendants violated Plaintiff's Constitutional rights to be secure in his person from unreasonable searches and seizures when the Defendants falsely arrested Plaintiff and confined Plaintiff for twenty two days in jail before releasing him. The plaintiff was defamed and slandered causing him to lose his job and income. He was subjected to severe emotional distress for over twenty-two (22) days resulting in anxiety, traumatic stress, and depression.

**PARTIES AND VENUE**

1. The Plaintiff, pursuant to 28 U.S.C. §1331 (see No. 5 below) is a citizen and resident of the State of South Carolina.

2. Defendants United States of America, Drug Enforcement Administration, Rodney Rape, Gary Lawrence and John Doe Officer had and continues to have systematic and continuous connections to the State of South Carolina. The Defendants, through the Drug Enforcement Administration, committed a tortious act and caused a tortious injury in South Carolina.

3. This action also arises under the Fourth and Fourteenth Amendments to the United States Constitution.

4.This Court has subject matter jurisdiction to adjudicate the allegations set forth herein.

5.Venue and Jurisdiction are proper in this Court because a substantial part of the events or omissions giving rise to these allegations occurred in Charleston County, South Carolina pursuant to 28 U.S.C. §1402(b), 28 U.S.C. §1331, 28 U.S.C. §1346(b).

## FACTUAL ALLEGATIONS

6. On or about April 23, 2020 a task force of Defendant Drug Enforcement Administration was conducting surveillance in relation to the investigation of a drug distribution conspiracy in Charleston County, South Carolina. Part of this surveillance included the "tapping" of cell phones of suspects believed to be part of the drug conspiracy.

7. While monitoring the cell phone of one suspect, a recorded call was received from a cell phone number whose owner was unknown by the Defendants. This cell number was not ever owned or used by the Plaintiff. The Defendant monitored and recorded this conversation between the known suspect and unknown suspect (who was Daniel Frazer) via the cell phone number.

8.The Defendant observed the unknown (Daniel Frazer) suspect arrive in a red Nissan Altima (South Carolina Registration Number RWQ 106) in North Charleston, South Carolina to meet the known suspect. This vehicle was registered with the name and address of the Plaintiff. The

vehicle was purchased, owned and used exclusively by Daniel Frazer who neither lives with nor is a relative of the Plaintiff. On information and belief, Mr. Frazer had previously put the red Nissan Altima's registration in the Plaintiffs name in order to secure car insurance.

9. Shortly after the meeting Daniel Frazer and the known suspect were also observed by Defendant Officer Brendan McSheehy meeting at a Taco Bell in Charleston, South Carolina.

10. After these two brief visual identifications, the Defendants Gary Lawrence, Rodney Rape and Brendan McSheehy used the South Carolina drivers license photograph of the Plaintiff, obtained from the red Nissan Altima license plate and its vehicle registration number only, to mistakenly and negligently and grossly negligently misidentify the Plaintiff as the actual unknown suspect under visual surveillance, Daniel Frazer. The Defendants failed to use any other investigative methods to determine who the real owner and driver of the red Nissan Altima actually was or the cell phone number used on April 23, 2020. There is no family relation between the Plaintiff and Daniel Fraser. The South Carolina drivers license of Plaintiff should have alerted the defendants that the unknown suspect (Daniel Fraser) was not the Plaintiff, due to differences in appearance, age, and address. There was no investigation of the Plaintiff.

11. As a result of the wrongful acts of the Defendants the Plaintiff was arrested on or about November 2, 2020 by John Doe Officer and spent the next twenty two (22) days in the Charleston County Detention Center. He also was fired from the two jobs he was presently working. The negligence was discovered and the charges were dismissed on or about March 18, 2021.

## FIRST CAUSE OF ACTION
### Violation of Fourth and Fourteenth Amendments

12. Plaintiff incorporates by reference the allegations set forth above as fully as if repeated herein.

2

13. The conduct of Defendants violated the civil rights of Plaintiff, including violation of the Plaintiff's rights found in the Fourth and Fourteenth Amendments of the United States Constitution. The Drug Enforcement Administration procured the arrest warrant which was served by John Doe Officer. The arrest was instigated by the Drug Enforcement Administration. Having conducted no investigation of the Plaintiff, the Defendants should have never sworn out an affidavit for the warrant which was served by John Doe Officer.

14. On November 2, 2020 Plaintiff was unlawfully arrested by Defendants without any reasonable suspicion or probable cause. Thereafter, Plaintiff spent twenty two days incarcerated for this invalid and fraudulent arrest.

15. There was no reasonable suspicion or probable cause to arrest Plaintiff. The Plaintiffs arrest was procured by State and Federal agencies.

16. The warrant used to arrest Plaintiff was invalid as it fails to set forth any set of facts to show the occurrence of any crime under the laws of the State of South Carolina or the United States related to the Plaintiff. There was no investigation of the Plaintiff so the warrant has no probable cause evidence related to the Plaintiff.

17. As a direct and proximate result of these violations, and in accordance with , 28 U.S.C. §2671 to 28 U.S.C. §2680 and 42 USCA §1983 and §1988 Plaintiff's civil rights have been violated in that Plaintiff has suffered and will continue to suffer actual, consequential, punitive, and special damages as described in this Complaint as well as to incur attorney's fees, costs, and expenses.

**FOR A SECOND CAUSE OF ACTION**
**False Arrest/ False Imprisonment**

18. Plaintiff incorporates by reference the allegations set forth above as fully as if repeated herein.

3

19. Plaintiff was subjected to an unlawful and invalid restraint when he was arrested by Defendants without reasonable suspicion or probable cause. Based on an invalid warrant obtained with no investigation of Plaintiff, he was restrained and detained by Defendants in deprivation of his personal liberty, all without probable cause.

20. Defendants Rodney Rape and Gary Lawrence continued to unlawfully restrain and detain Plaintiff by failing to timely and properly process Plaintiff at the Detention Center.

21. This restraint was intentional and unlawful.

22. As a direct and proximate result of Defendants' actions, Plaintiff sustained injuries and incurred actual, consequential and special damages to which he is entitled to recover against Defendants pursuant to South Carolina state law. On information and belief, the information provided to the Judge to obtain the warrant was so defective that it was completely void of accurate information related to probable cause.

## THIRD CAUSE OF ACTION
### Negligence/Gross Negligence

23. Plaintiff incorporates by reference the allegations set forth above as fully as if repeated herein.

24. Defendants were negligent, reckless, and grossly negligent in one or more of the following particulars:

   a. In failing to exercise due care under the circumstances;

   b. In violating their own policies and procedures;

   c. In failing to adopt and implement rules and polices to protect against void, invalid, and facially deficient warrants;

   d. In failing to train and supervise employees to enter factually accurate information for pre arrest identification or in failing to train and supervise

4

      employees regarding pre arrest identification procedure and facially invalid warrants and refusal to serve same;

  e. In failing to adopt and implement rules and policies regarding pre arrest identification procedure and the standards of probably cause or if such rules and policies exist, failing to enforce compliance with them;

  f. In the grossly negligent misidentification of Daniel Fraser as being Michael James Taylor.

  g. Other acts or omissions as may be revealed throughout discovery.

25. As a result, Plaintiff incurred actual, consequential, and special damages to which he is entitled to recover against Defendants.

## FOURTH CAUSE OF ACTION
### Slander/Defamation and Slander/Defamation Per Se

26. Plaintiff incorporates by reference the allegations set forth above as fully as if repeated herein.

27. Defendants unlawfully arrested and/or caused Plaintiff to be unlawfully arrested.

28. Defendants knew or should have known the arrest was unlawful and improper.

29. Defendants' actions towards Plaintiff were reckless and/or consciously indifferent to the rights of the Plaintiff.

30. Defendants unlawfully and improperly published false and defamatory information regarding the Plaintiff when they entered and/or maintained a database containing false information regarding Plaintiff's commission of a crime; including but not limited to the warrant at issue herein.

31. Defendants publication of this information was done with reckless disregard for the truth or with actual knowledge of its falsity.

5

32. Defendants actions in unlawfully arresting Plaintiff caused a public spectacle that was seen and observed by Plaintiffs' family and friends, substantially injuring Plaintiff's reputation and standing in the neighborhood and community at large.

33. Defendants subsequently released to the media defamatory information regarding Plaintiff's commission of a crime wherein Defendants published a mugshot photograph. This caused damage to Plaintiffs reputation in the community at large.

34. Defendants knew or should have known that the information published was false and totally lacking in any factual or legal basis because there was no investigation of the Plaintiff.

35. Defendants' publication of this information was published as a result of their reckless disregard for the truth or with actual knowledge that the information was false.

36. As a direct and proximate cause of Defendant's actions, Plaintiff has experienced and suffered actual, consequential, and special damages including but not limited to substantial injury to his personal reputation and standing in the community.

37. Plaintiff hereby demands judgment against Defendants and seek actual, special, consequential damages, and punitive damages in a reasonable amount as determined by a jury, and costs and attorneys' fees pursuant to South Carolina state law.

## FIFTH CAUSE OF ACTION
**Assault, Battery**

38. Plaintiff incorporates by reference the allegations set forth above as fully as if repeated herein.

39. Defendants, individually and acting through their agents and/or employees, did place Plaintiff in reasonable apprehension and fear of being struck, groped, handcuffed, and searched as more fully described herein.

40. Defendants, individually and acting through their agents and/or employees, did physically contact Plaintiff in the process of subjecting him to an unlawful arrest thereby causing him

6

physical injury, pain, and damages. Defendants repeated this conduct throughout Plaintiff's unlawful arrest and confinement, subjecting Plaintiff to repeated threats of physical batter and actual battery of his person through unwarranted and unauthorized physical groping and handling of his person.

41. Plaintiff did not consent to such apprehension, fear, or touching by Defendants.

42. As a direct and proximate cause of Defendants acts and omissions, Plaintiff suffered injuries and damages as more fully set forth herein.

43. Plaintiff hereby demands judgment against Defendants and seek all actual, special, and consequential damages in a reasonable amount as determined by a jury.

### SIXTH CAUSE OF ACTION
### Federal Tort Claims Act

44. Plaintiff incorporates by reference the allegations set forth above as fully as if repeated herein.

45. This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §2671 to 28 U.S.C. §2680.

46. As described above, Plaintiff has been injured and has suffered damages which were proximately caused by the negligent or wrongful acts or omission of employees of the federal government. The Plaintiff has been injured by agents of the Drug Enforcement Administration. Rodney Rape and Gary Lawrence were acting within the scope of their duties as agents of the Drug Enforcement Administration. This negligence caused harm to the Plaintiff.

47. As a direct and proximate result of Defendants' actions, Plaintiff sustained injuries and incurred actual, consequential and special damages for emotional distress, lost wages, defamation, libel, slander, depression, anxiety, assault and battery.

**WHEREFORE, Plaintiff prays this Honorable Court enter judgment in his favor and further as follows:**

a. Grant Plaintiff his actual, incidental, and consequential damages, damages for emotional distress, lost wages, defamation, libel, slander, depression, anxiety, assault, battery, out of pocket costs and expenses in his Causes of Action;

b. Grant Plaintiff his costs in this action, including reasonable attorneys' fees, pursuant to 42 U.S.C. § 1988, 28 U.S.C §2678 and any other applicable authority;

c. Grant an award of punitive damages against Defendants for their violations of Plaintiff's rights pursuant to the United States Constitution;

d. Grant Plaintiff such other relief as this Court deems just and equitable.

TRIAL BY JURY IS DEMANDED.

                    CALHOUN LAW FIRM

                    **s/Mark Calhoun**
Attorney Mark Calhoun, #12917
Calhoun Law Firm
37 Broad Street
Charleston, SC 2901
(843) 991-5631
mark@calhounlawfirmsc.com

Attorney For Plaintiff

Date: February 19, 2024
Charleston, South Carolina

8

9