UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Michael James Taylor, | ) | C/A No. 2:23-cv-04671-RMG-MHC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| United States of America, Drug | ) | **AND ORDER** |
| Enforcement Administration, Rodney | ) | |
| Rape, Gary Lawrence, Brendan McSheehy, | ) | |
| and John Doe Officer, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, represented by counsel, brings this action asserting violations of his constitutional rights and various tort claims arising from an alleged wrongful arrest. ECF No. 13.

Before the Court are two Motions to Dismiss: (1) a Motion filed by Defendants United States of America and Drug Enforcement Administration (jointly, the "Government") pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, ECF No. 21; and (2) a Motion filed by Defendants Rodney[1] Rape, Gary Lawrence, Brendan McSheehy, and John Doe Officer (collectively, the "Individual Defendants") pursuant to Rules 12(b)(6) and 12(b)(1), ECF No. 22.[2] Plaintiff filed Responses in Opposition to the Motions, ECF Nos. 28 & 29, and Defendants filed Replies, ECF Nos. 30 & 31. Defendants' Motions are ripe for review.

---

[1] Defendants clarify that Defendant Rape's legal first name is "Roddy," not "Rodney." ECF No. 21-1 at 2 n. 2.

[2] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2), D.S.C. As these Motions are dispositive, this Report and Recommendation is entered for review by the District Judge.

Also before the Court is Plaintiff's Motion to Conduct Jurisdictional Discovery. ECF No. 32. Defendants filed a Response in Opposition to Plaintiff's Motion, ECF No. 35, and Plaintiff filed a Reply, ECF No. 36. Plaintiff's Motion is ripe for review.

For the reasons set forth below, the undersigned recommends that Defendants' Motions, ECF Nos. 21 & 22, be granted. Plaintiff's Motion, ECF No. 32, is denied.

## BACKGROUND FACTS

Accepting the truth of the allegations in Plaintiff's Amended Complaint and viewing all inferences in the light most favorable to Plaintiff, *see E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011), the facts, for purposes of ruling on the Motions to Dismiss, are as follows.

On or about April 23, 2020, a task force of Defendant Drug Enforcement Administration ("DEA") was conducting surveillance, including "tapping" cell phones of suspects, in relation to an investigation of a drug distribution conspiracy in Charleston County, South Carolina. ECF No. 13 at ¶ 6. While monitoring the cell phone of one suspect, Defendants recorded a conversation between the known suspect and an unknown caller (identified in the Amended Complaint as Daniel Frazer) from an unknown cell phone number. *Id.* at ¶ 7. The cell phone number was never owned or used by Plaintiff. *Id.*

Defendants observed Daniel Frazer ("Frazer") arrive in a red Nissan Altima in North Charleston to meet the known suspect. *Id.* at ¶ 8. The vehicle was purchased, owned, and used exclusively by Frazer, who neither lives with nor is related to Plaintiff. *Id.* However, the vehicle was registered with Plaintiff's name and address, and Plaintiff alleges, upon information and belief, that Frazer put the registration in Plaintiff's name to secure car insurance. *Id.*

Shortly after the meeting in North Charleston, Frazer and the known suspect were observed by Defendant McSheehy as they met at a Taco Bell in Charleston, South Carolina. *Id.* at ¶ 9.

After these two brief visual identifications, Defendants Rape, Lawrence, and McSheehy used Plaintiff's South Carolina driver's license photograph—which they obtained using the Altima's license plate and registration numbers—"to mistakenly and negligently and grossly negligently misidentify the Plaintiff as the actual unknown suspect under visual surveillance, Daniel Frazer." *Id.* at ¶ 10. Defendants did not use any other investigative methods to determine the identity of the real owner and driver of the Altima and the cell phone number used on April 23, 2020. *Id.* Plaintiff and Frazer have different appearances, ages, and addresses. *Id.*

Plaintiff was arrested on or about November 2, 2020, by Defendant John Doe Officer and spent the next twenty-two days in the Charleston County Detention Center. *Id.* at ¶ 11. He was fired from the two jobs he was working. *Id.* The charges were dismissed on or about March 18, 2021. *Id.*

## **LEGAL STANDARDS**

The Government moves to dismiss the Amended Complaint based on the Court's lack of subject matter jurisdiction, because (1) the Government is entitled to sovereign immunity as to Plaintiff's constitutional claims, slander/defamation and slander/defamation per se claims, and emotional distress claims; (2) Plaintiff has failed to exhaust his administrative remedies for his negligence/gross negligence and assault and battery claims; and (3) the discretionary function exception to the Federal Tort Claims Act ("FTCA") exempts the Government from liability for certain torts, specifically false arrest/false imprisonment and assault and battery. ECF No. 21-1 at 6–15. Alternatively, the Government argues that Plaintiff's Amended Complaint should be dismissed for failure to state a claim upon which relief can be granted. *Id.* at 1.

The Individual Defendants move to dismiss the claims against them based on Plaintiff's failure to state a claim upon which relief can be granted. ECF No. 22 at 1. The Individual Defendants base their arguments on (1) lack of a *Bivens* remedy, (2) qualified immunity, and (3) Plaintiff's improper assertion of the FTCA against individual officers. ECF No. 22-1 at 6–12. Alternatively, the Individual Defendants move to dismiss the claims against them based on a lack of subject matter jurisdiction. ECF No. 22 at 1.

## I.     Rule 12(b)(1) Standard

A motion to dismiss under Rule 12(b)(1) represents a challenge to the court's subject matter jurisdiction. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 507 (2006). "When a Rule 12(b)(1) motion challenge is raised to the factual basis for subject matter jurisdiction, the burden of proving subject matter jurisdiction is on the plaintiff." *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). "The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.* "[W]hen a defendant asserts that the complaint fails to allege sufficient facts to support subject matter jurisdiction, the trial court must apply a standard patterned on Rule 12(b)(6) and assume the truthfulness of the facts alleged." *Kerns v. United States*, 585 F.3d 187, 193 (4th Cir. 2009).

## II.     Rule 12(b)(6) Standard

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Williams v. Preiss-Wal Pat III, LLC*, 17 F. Supp. 3d 528, 531 (D.S.C. 2014); *see Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of [affirmative] defenses."). Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant will

have "fair notice of what the claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). "[T]he facts alleged 'must be enough to raise a right to relief above the speculative level' and must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Robinson v. Am. Honda Motor Co.*, 551 F.3d 218, 222 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555, 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When considering a Rule 12(b)(6) motion, the court is required to evaluate the complaint in its entirety, accept the factual allegations in the pleading as true, and draw all reasonable factual inferences in favor of the party opposing the motion. *Kolon Indus., Inc.*, 637 F.3d at 440, 448. However, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). "A complaint should not be dismissed as long as it provides sufficient detail about the claim to show that the plaintiff has a more-than-conceivable chance of success on the merits." *Goldfarb v. Mayor & City Council of Balt.*, 791 F.3d 500, 511 (4th Cir. 2015) (internal quotation marks omitted).

## DISCUSSION

Plaintiff asserts six causes of action in his Amended Complaint: (1) a claim against Defendants for violations of Plaintiff's Fourth and Fourteenth Amendment rights, which he brings pursuant to 28 U.S.C. §§ 2671–80, 42 U.S.C. § 1983, and 42 U.S.C. § 1988;[3] (2) a claim against Defendants for false arrest/false imprisonment, in violation of South Carolina law; (3) a claim

---

[3] Although Plaintiff's First Cause of Action involves an alleged constitutional violation, it includes a reference to the statutory provisions of the FTCA, specifically 28 U.S.C. §§ 2671–80, in addition to 42 U.S.C. §§ 1983, 1988. ECF No. 13 at ¶ 17. This appears to be a scrivener's error. Plaintiff's claims under the FTCA are addressed separately.

against Defendants for negligence/gross negligence; (4) a claim against Defendants for slander/defamation and slander/defamation per se; (5) a claim against Defendants for assault and battery; and (6) a claim against Defendants under the FTCA, 28 U.S.C. §§ 2671–80. ECF No. 13 at 2–9.

## I.     Plaintiff's Constitutional Claim

In his First Cause of Action, Plaintiff has sued Defendants under 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for a violation of his Fourth and Fourteenth Amendment rights. Plaintiff's constitutional claim fails for the reasons below.

### A.  The Government

As an initial matter, the United States has not waived its sovereign immunity for constitutional misconduct. *See FDIC v. Meyer*, 510 U.S. 471, 477–78 (1994) (holding actions for constitutional torts may not lie against the United States); *Little v. Corp. Fed. U.S.*, No. CV 8:23-2321-RMG-PJG, 2023 WL 4998598, at *2 (D.S.C. June 15, 2023) (determining that federal government defendants were not "persons" amenable to suit under the civil rights statutes), *report and recommendation adopted*, No. 8:23-CV-2321-RMG, 2023 WL 4557695 (D.S.C. July 17, 2023).  Plaintiff appears to concede that his constitutional claim does not apply to the Government. *See* ECF No. 28. In any event, the undersigned recommends granting the Government's Motion to Dismiss the First Cause of Action.

### B.  Individual Defendants

As to the Individual Defendants, they were, during the relevant time, agents of a federal agency, specifically Defendant DEA. *See* ECF No. 13 at ¶ 2. Federal officials cannot be sued under 42 U.S.C. § 1983, because they do not act under color of state law. *Harlow v. Fitzgerald*, 457 U.S. 800, 814–20 (1982). In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) ("*Bivens*"), the Supreme Court established a direct cause of action

under the Constitution of the United States against federal officials for violations of federal constitutional rights. *Id.* at 397. A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983. Accordingly, Plaintiff's constitutional claim against the Individual Defendants is construed as brought pursuant to *Bivens*. *See* ECF No. 22-1 at 2 (Individual Defendants' Motion construing Plaintiff's § 1983 as a *Bivens* claim).

Nevertheless, Plaintiff cannot state a claim against the Individual Defendants under *Bivens*. In *Bivens*, the Supreme Court recognized an implied private action for damages against federal agents alleged to have violated a plaintiff's Fourth Amendment rights from unreasonable search and seizure when the agents handcuffed the plaintiff in his own home without a warrant. *Id.* at 389. Since then, the Supreme Court has recognized *Bivens* claims in only two additional contexts: (1) under the Fifth Amendment's Due Process Clause for gender discrimination when a Congressman fired his female administrative assistant (*Davis v. Passman*, 442 U.S. 228 (1979)); and (2) under the Eighth Amendment's Cruel and Unusual Punishment Clause against prison officials for failing to provide emergency medical care for an inmate's asthma (*Carlson v. Green*, 446 U.S. 14 (1980)). *Curtis v. Fed. Bureau of Prisons*, No. 6:23-CV-03017-JFA-KFM, 2023 WL 9523029, at *4 (D.S.C. Nov. 21, 2023), *report and recommendation adopted*, No. 6:23-CV-3017-JFA-KFM, 2024 WL 243470 (D.S.C. Jan. 23, 2024). As recognized by the United States Supreme Court in *Egbert v. Boule*, during the last 42 years, the court has "declined 11 times to imply a similar cause of action for other alleged constitutional violations." 596 U.S. 482, 486 (2022) (collecting cases). The Court in *Egbert* further noted that recognizing additional causes of action under *Bivens* is disfavored. *Id.* at 491.

Although the Supreme Court has not overruled any of the *Bivens* cases, it has demonstrated not only regret over the *Bivens* cases but also hostility to any expansion of them. *See Tate v.*

*Harmon*, 54 F.4th 839, 843–44 (4th Cir. 2022). Thus, the Supreme Court has imposed a highly restrictive analysis for *Bivens* cases by "(1) narrowing the precedential scope of *Bivens*, *Davis*, and *Carlson* and (2) imposing a broad standard of criteria that, if satisfied, require courts to reject any expansion of *Bivens* remedies." *Tate*, 54 F.4th at 844.

The analysis is a two-step process: (1) first asking whether the case presents a new *Bivens* context, and (2) if the claim does arise in a new context, doing a special factors analysis to determine whether the judiciary is at least arguably less equipped than Congress to "weigh the costs and benefits of allowing a damages action to proceed." *Egbert*, 596 U.S. at 492 (quoting *Ziglar v. Abbasi*, 582 U.S. 120, 135–38 (2017) (citation omitted)). In *Egbert*, the Supreme Court decided that "[w]hile our cases describe two steps, those steps often resolve to a single question: whether there is any reason to think that Congress might be better equipped to create a damages remedy." *Id.* "If there is even a single 'reason to pause before applying *Bivens* in a new context,' a court may not recognize a *Bivens* remedy." *Egbert*, 596 U.S. at 492 (quoting *Hernandez v. Mesa*, 589 U.S. 93, 102 (2020)); *Mays v. Smith*, 70 F.4th 198, 202–03 (4th Cir. 2023) ("If there is any reason to think that Congress might be better equipped to create a damages remedy, then the court must decline to extend *Bivens* to a new context.").

### 1. Plaintiff's Claim Presents a New *Bivens* Context.

Plaintiff alleges that he was arrested pursuant to a facially invalid warrant, ECF No. 13 at ¶ 19, and that he was unlawfully detained for twenty-two days. *Id.* at ¶ 11. He contends that this arrest violated his Fourth Amendment right to be free from unreasonable search and seizure and his Fourteenth Amendment rights.[4] *See id.* at ¶ 13. Plaintiff seeks "an award of punitive damages

---

[4] When an unreasonable seizure, arrest, or prosecution is alleged, such a claim is governed by the Fourth Amendment. *Mallory v. Holdorf*, No. 3:11-03295-MBS, 2012 WL 4479070, at *4 (D.S.C. Sept. 28, 2012) (citing *Brooks v. City of Winston-Salem*, 85 F.3d 178, 183 (4th Cir. 1996)), *aff'd*, 575 F. App'x 108 (4th Cir. 2014).

against Defendants for their violations of [his] rights pursuant to the United States Constitution." *Id.* at 9.

The Individual Defendants contend Plaintiff's *Bivens* claim presents a new context because it diverges factually from the Court's three accepted *Bivens* contexts. ECF No. 22-1 at 7–11. Plaintiff disagrees, arguing that his claim presents similar circumstances to those raised in *Bivens*, which also addressed an alleged Fourth Amendment violation. ECF No. 29 at 4–5.

"A claim may arise in a new context even if it is based on the same constitutional provision as a claim in a case in which a damages remedy was previously recognized." *Hernandez*, 589 U.S. at 103. In *Bivens*, where the defendant officers entered and searched the plaintiff's apartment without a warrant and arrested him, the U.S. Supreme Court recognized an implied damages action to compensate persons injured by federal officers who violated the Fourth Amendment's prohibition against unreasonable searches and seizures. 403 U.S. at 389, 397.

The Fourth Circuit has differentiated between the warrantless arrest performed in *Bivens* and arrests performed pursuant to warrants, such as the arrest at issue here. *See, e.g.*, *Hicks v. Ferreyra*, 64 F.4th 156, 167 (4th Cir. 2023) ("[T]he decision to issue a warrant involves different aspects of police work, including 'information-gathering and case-building activities,' which are different from the warrantless apprehension, detention, and other issues presented in *Bivens*." (quoting *Annappareddy v. Pascale*, 996 F.3d 120, 136 (4th Cir. 2021))), *cert. denied*, 144 S. Ct. 555 (2024); *see also Taylor v. Cudd*, No. 7:18-cv-00765-TMC-JDA, 2020 WL 1704633, at *7 (D.S.C. Jan. 23, 2020) (distinguishing case from *Bivens* based on the arrest being made pursuant to a warrant). In *Annappareddy*, the Fourth Circuit affirmed dismissal of Fourth Amendment claims against federal investigators who allegedly falsified an affidavit submitted to obtain a search warrant and then falsified evidence in support of an arrest warrant and original indictment. 996

F.3d at 135. In finding that no *Bivens* remedy was available for these Fourth Amendment claims, the court explained: "What *Bivens* involved was the Fourth Amendment right to be free of unreasonable *warrantless* searches and seizures; this case, by contrast, involves searches and a seizure conducted *with* a warrant. It thus implicates a distinct Fourth Amendment guarantee[.]" 996 F.3d at 135. "When one or more meaningful differences exist, it is not enough to identify a few similarities." *Id.* (quoting *Ahmed v. Weyker*, 984 F.3d 564, 570 (8th Cir. 2020)).

As in *Annappareddy*, this case involves an arrest conducted pursuant to a warrant. *See* ECF No. 13 at ¶¶ 8–11. Because the facts at issue in this case are significantly distinguishable from those at issue in *Bivens* and more analogous to those at issue in *Annappareddy*, the undersigned finds Plaintiff's constitutional claim does not fall under the existing *Bivens* contexts, but rather presents a new *Bivens* context.

### 2.   Special Factors Counsel Against Extending *Bivens*.

Because Plaintiff's claim involves a new *Bivens* context, the next step is to examine whether special factors exist that require the Court to hesitate before extending *Bivens* to this situation absent action from Congress. *See Doe v. Meron*, 929 F.3d 153, 168 (4th Cir. 2019) (citing *Abbasi*, 582 U.S. at 136). The Individual Defendants argue that the case at issue raises potential special factors that counsel against recognizing a *Bivens* remedy. ECF No. 22-1 at 10. Plaintiff disagrees, stating "[t]here are no special factors that are of concern" here. ECF No. 29 at 5. The undersigned is constrained to agree with the Individual Defendants.

The special factors inquiry is broad-ranging and simply asks "whether there is any rational reason (even one) to think that Congress is better suited to 'weigh the costs and benefits of allowing a damages action to proceed.'" *Egbert*, 596 U.S. at 496 (quoting *Abbasi*, 582 U.S. at 136).  Just one reason cautioning hesitation to apply *Bivens* to a new context is grounds for a court to decline to recognize a *Bivens* remedy. *See Egbert*, 596 U.S. at 492; *see also Cioca v. Rumsfeld*, 720 F.3d

505, 512 (4th Cir. 2013) (noting that "no *Bivens* action will lie where special factors counsel hesitation in creating an implied right of action").

"Although the [Supreme] Court has not defined special factors, it explained 'a factor must cause a court to hesitate before answering [whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed] in the affirmative.'" *Meron*, 929 F.3d at 168 (alteration in original) (quoting *Abbasi*, 582 U.S. at 136). "Relevant factors include the impact on governmental operations systemwide, the burdens on Government employees who are sued personally, the regulatory authority of Congress in a context, and the existence of an alternative remedial structure in a case." *Id.* (internal quotation marks omitted); *see Abbasi*, 582 U.S. at 135 (in assessing whether Congress or the courts should determine whether to provide a damages remedy, the "answer most often will be Congress").

Here, Plaintiff's claim would require the Court to risk intruding on executive-branch authority to enforce the law and prosecute crimes, which counsels against implying a cause of action for damages. *See Annappareddy*, 996 F.3d at 134–35. Proving claims such as Plaintiff's *Bivens* claim would "invite a wide-ranging inquiry into the evidence available to investigators, prosecutors, and the grand jury and could require a jury to determine what [officers] knew, what [they] did not know, and [their] state of mind at the time." *Id.* (internal quotation marks and citations removed, alteration in original). As the Fourth Circuit has recognized, "counseling hesitation is the risk that a *Bivens* action for these Fourth Amendment claims would require courts to interfere in the executive branch's investigative and prosecutorial functions." *Annappareddy*, 996 F.3d at 137 (finding that special factors counsel against extension of an implied cause of action into the new *Bivens* context); *see Abbasi*, 582 U.S. at 141 (considering whether a cause of action

"would require courts to interfere in an intrusive way with sensitive functions of the Executive Branch" and finding that such considerations counsel against allowing a damages claim to proceed in a new *Bivens* context). Under these circumstances, special factors counsel against expanding *Bivens* and recognizing a remedy for this claim.

For the foregoing reasons, Plaintiff's constitutional claim against the Individual Defendants should be dismissed.[5]

## II.    <u>Plaintiff's Tort Claims Under the FTCA</u>

Plaintiff's Amended Complaint asserts five separate tort claims against Defendants. ECF No. 13. Though the Amended Complaint does not explicitly assert these claims under the FTCA, they must be brought under the FTCA to overcome the United States' sovereign immunity. *See Dalehite v. United States*, 346 U.S. 15, 30–31 (1953). The FTCA does not create new causes of action but, instead, serves to convey jurisdiction when the alleged breach of duty is tortious under state law,[6] or when the Government has breached a duty under federal law that is analogous to a duty recognized by state law. *Goldstar (Pan.) S.A. v. United States*, 967 F.2d 965, 969 (4th Cir. 1992).

The FTCA is comprehensive legislation through which the United States has waived its sovereign immunity to allow civil suits for actions arising out of negligent acts of agents of the United States. *See Welch v. United States*, 409 F.3d 646, 651 (4th Cir. 2005). "The FTCA waives the United States' sovereign immunity for civil suits for money damages 'for injury or loss of

---

[5] The Individual Defendants also argue they are entitled to qualified immunity. ECF No. 22-1 at 12–17. Qualified immunity is an affirmative defense that involves a two-step inquiry: whether the officers' conduct violated the plaintiff's individual rights and, if so, whether the rights were clearly established. *Hicks*, 64 F.4th at 169. Because the undersigned finds that *Bivens* should not be expanded in this instance, the issue of qualified immunity is inapplicable.

[6] Because the alleged actions in this case occurred in South Carolina, the substantive law of South Carolina applies to the tort claims. *United States v. Neustadt*, 366 U.S. 696, 706 n.15 (1961).

property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.'" *Blanco Ayala v. United States*, 982 F.3d 209, 214 (4th Cir. 2020) (citing 28 U.S.C. § 1346(b)(1)). The United States cannot be sued in a tort action unless it is clear that Congress has waived the government's sovereign immunity and authorized suit under the FTCA. *Dalehite*, 346 U.S. at 30–31.

Analyzing FTCA claims provides a unique context in which "all elements of a meritorious claim are also jurisdictional." *Brownback v. King*, 592 U.S. 209, 217 (2021). "[E]ven though a plaintiff need not *prove* a § 1346(b)(1) jurisdictional element for a court to maintain subject matter jurisdiction over his claim, a plaintiff must plausibly allege all six FTCA elements not only to state a claim upon which relief can be granted but also for a court to have subject-matter jurisdiction over the claim." *Brownback*, 592 U.S. at 217–18 (internal citation omitted). Thus, for a claim to be actionable, it must be:

> [1] against the United States, [2] for money damages, ... [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

*Id.* at 212 (alterations in original) (citations omitted). For the reasons that follow, the undersigned recommends that Plaintiff's tort claims be dismissed.

### A. Individual Defendants

Plaintiff cannot sue the Individual Defendants under the FTCA. Section 1346(b)(1) of Title 28 of the United States Code confers jurisdiction to the district courts for claims against the United States. "The United States is the only proper defendant in a FTCA claim." *Flemmings v. United States*, No. 4:23-1471-MGL-TER, 2023 WL 4239122, at *3 (D.S.C May 31, 2023). Plaintiff

appears to concede that the FTCA claims are inapplicable against the Individual Defendants. *See* ECF No. 29. Regardless, the undersigned recommends granting the Individual Defendants' Motion to Dismiss these tort claims against them.

**B. The Government**

   1. Drug Enforcement Administration

The DEA is not a proper defendant for claims brought under the FTCA and cannot be sued in its own name. *See* 28 U.S.C. § 2679. Plaintiff does not dispute this proposition. Accordingly, the proper defendant for any claim under the FTCA is the United States and any torts asserted against Defendant DEA should be dismissed.

   2. The United States

The Government contends that Plaintiff's tort claims against the United States should be dismissed because the Court does not have subject matter jurisdiction to hear the claims. ECF No. 21-1 at 8–17. Plaintiff disagrees, claiming this Court has subject matter jurisdiction under the FTCA. ECF No. 28 at 5–9. Each of Plaintiff's five tort claims are addressed below.

   i. *Two Intentional Torts: False Arrest/False Imprisonment & Assault and Battery Claims*

The FTCA excepts certain actions from its waiver of sovereign immunity. *See, e.g.*, 28 U.S.C. § 2680; *see also Welch*, 409 F.3d at 651 ("The scope of this waiver is limited by a series of specific exceptions outlined in the Act, each of which is considered jurisdictional."). One such exception provides immunity for certain intentional torts committed by federal employees other than investigative or law enforcement officers, *see* 28 U.S.C. § 2680(h), while another exception provides immunity for the discretionary functions of government employees, *see* 28 U.S.C. § 2680(a). These "exceptions to the FTCA's immunity waiver work to defeat the subject matter jurisdiction of the federal courts." *Blanco Ayala*, 982 F.3d at 214.

Two of the intentional tort claims alleged by Plaintiff against the United States fall under these immunity provisions: false arrest/false imprisonment and assault and battery.

a.   Law Enforcement Proviso under § 2680(h)

Section 2680(h) of the FTCA preserves the United States' immunity for "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights[.]" 28 U.S.C. § 2680(h). The Supreme Court has referred to this exception to the FTCA's waiver of immunity as the "intentional tort exception." *Millbrook v. United States*, 569 U.S. 50, 52 (2013). However, "Congress carved out an exception to § 2680(h)'s preservation of the United States' sovereign immunity for intentional torts by adding a proviso covering claims that arise out of the wrongful conduct of law enforcement officers." *Millbrook*, 569 U.S. at 52.

Under the "law enforcement proviso" of section 2680(h), immunity is waived under the FTCA if the claim is for assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution and results from the acts or omissions of investigative or law enforcement officers, which include "any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." 28 U.S.C. § 2680(h); *see Millbrook*, 569 U.S. at 52–53, 57 (holding that the law enforcement proviso's waiver "extends to acts or omissions of law enforcement officers that arise within the scope of their employment, regardless of whether the officers are engaged in investigative or law enforcement activity, or are executing a search, seizing evidence, or making an arrest").

Here, there is no dispute that the DEA agents, the actors responsible for the arrest serving as the impetus for this suit, meet the criteria for law enforcement officers under the FTCA. As United States officers, DEA agents are empowered to execute searches, seize evidence, and make arrests for violations of federal law. *See* 28 U.S.C. § 2680(h). Thus, as Plaintiff's false arrest/false

imprisonment and assault and battery claims allege intentional torts committed by investigative officers, Plaintiff's claims fall under the law enforcement proviso exception. *See id.*

The Government argues, however, that the United States is still immune from suit for these two claims because the discretionary function exception applies. ECF No. 21-1 at 11–14. Plaintiff disagrees, for reasons set forth in detail below. ECF No. 28 at 6–8.

Conduct that falls under the law enforcement proviso exception but is also discretionary, such that it falls under 28 U.S.C. § 2680(a)'s exemption for discretionary functions, will remain immune, as the Fourth Circuit has held that the two provisions operate and exist independently. *Medina v. United States*, 259 F.3d 220, 225 (4th Cir. 2001). "[A]ctions underlying intentional tort allegations described in § 2680(h), if authorized and implemented consistent with federal law and the Constitution of the United States, may be considered discretionary functions under § 2680(a), even if they would otherwise constitute actionable torts under state law." *Medina*, 259 F.3d at 226. Thus, based on Fourth Circuit precedent, even if alleged intentional torts are enumerated under section 2680(h) as part of the law enforcement proviso for which immunity is waived, the tortious conduct can still be immune from suit if it clears the section 2680(a) discretionary function hurdle. *See Medina*, 259 F.3d at 226.

b. Discretionary Exception under § 2680(a)

Here, Plaintiff's claims for false arrest/false imprisonment and assault and battery are based on the officers' alleged failure to properly investigate the identity of their suspect. ECF No. 13 at ¶¶ 18–22. Section 2680(a) of Title 28 of the United States Code excepts from the FTCA's waiver of immunity those claims that are "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government . . . ." The parties dispute whether the conduct at issue involved a discretionary function.

To determine whether the discretionary exception applies, a court engages in a two-prong analysis, where it "must first ascertain whether the acts in question 'are discretionary in nature,' such that they 'involv[e] an element of judgment or choice.'" *Blanco Ayala*, 982 F.3d at 214 (quoting *United States v. Gaubert*, 499 U.S. 315, 322 (1991)). Thus, "the exception does not apply when the employee is merely following 'a federal statute, regulation, or policy [that] specifically prescribes a course of action.'" *Medina*, 259 F.3d at 226 (quoting *Berkovitz v. United States*, 486 U.S. 531, 536 (1988)).

The conduct in question must also be "based on considerations of public policy." *Berkovitz*, 486 U.S. at 537. This second prong exists "because the very purpose of the discretionary function exception is to prevent judicial 'second-guessing' of administrative decisions grounded in social and political policy." *Medina*, 259 F.3d at 228 (quoting *Gaubert*, 499 U.S. at 323). If a government employee has discretion under the first prong, courts are to presume that the employee's acts are grounded in policy in exercising such discretion. *Id.*

The Government argues that the arrest was a discretionary decision involving public policy considerations, and decisions to initiate prosecutions and perform arrests are within the type of conduct Congress intended to immunize. ECF No. 21-1 at 12–13.

Plaintiff counters that "the conduct at issue did not involve a matter of choice based in public policy and was not that kind of conduct that the exception was designed to shield." ECF No. 28 at 6. Specifically, Plaintiff contends that an arrest warrant's requirement of probable cause is a policy that law enforcement officers must follow, and thus "no real choice" was available to Defendants. *Id.* The undersigned is constrained to agree with the Government.

Indeed, the decision whether to initiate legal proceedings and arrest a subject involves discretionary choices that cannot be made based on merely following a prescribed statute or course

of action. *See Medina*, 259 F.3d at 229 ("[W]e are fully satisfied that the initial decision [by agents of the Immigration and Naturalization Service] to initiate proceedings and arrest [the individual, even though they later dropped deportation proceedings] was the type of agency conduct Congress intended to immunize in the discretionary function exception found in § 2680(a)."); *see also Mesa v. United States*, 123 F.3d 1435, 1438 (11th Cir. 1997) (determining arrest of incorrect subject with same name as suspect named in warrant was activity covered by discretionary function exception of the FTCA, concluding that "decisions regarding how to locate and identify the subject of an arrest warrant and regarding whether the person apprehended is in fact the person named in the warrant are discretionary in nature and involve an element of judgment or choice"); *Lovo v. United States*, No. 1:22-CV-1008, 2024 WL 1349516, at *6 (M.D.N.C. Mar. 29, 2024) (determining that "false arrest and imprisonment and assault and battery claims are based on conduct squarely within . . . officers' discretionary decisions to arrest, investigate, and prosecute based on considerations of public policy"). Thus, decisions such as those made by the United States and its officers involve an analysis of the target's conduct, pattern of behavior, and location to determine whether an arrest is warranted—an analysis Plaintiff describes in his Amended Complaint. *See* ECF No. 13 at ¶¶ 6–11.

Plaintiff appears to be arguing that there could be no discretion exercised because the United States failed to follow proper procedure, did no investigation, or made an error in its investigation. ECF No. 28 at 6. However, these arguments are more properly characterized as negligent performance of a discretionary function. As the Fourth Circuit has addressed, "the discretionary function exception protects government decisions 'even when made negligently.'" *See Blanco Ayala*, 982 F.3d at 216 (quoting *Wood v. United States*, 845 F.3d 123, 128 (4th Cir.

2017)). Thus, even if the United States was negligent in exercising its discretion to initiate proceedings and arrest Plaintiff, it is still excepted from liability under 28 U.S.C. § 2680(a).[7]

Moreover, the United States' decision to arrest Plaintiff involves public policy considerations, satisfying the second prong of the discretionary function test. The Fourth Circuit has clarified that in analyzing the second prong, a reviewing court should "ask whether that decision is one which we would expect inherently to be grounded in considerations of policy." *Baum v. United States*, 986 F.2d 716, 721 (4th Cir. 1993); *see also Gaubert*, 499 U.S. at 325 n.7 (exemplifying discretionary acts that are *not* within the purposes that such immunity covers, such as a government officer's negligent collision while driving an automobile for an official mission). The undersigned finds that "the decision regarding how to locate and identify the subject of an arrest warrant is fundamentally rooted in policy considerations." *See Mesa*, 123 F.3d at 1438. Thus, the discretionary exception granted by section 2680(a) immunizes the United States from suit as to the tortious conduct Plaintiff alleges in his false arrest/false imprisonment and assault and battery claims.

Because the United States has immunity for claims based on an exercise of discretion under 28 U.S.C. § 2680(a), Plaintiff's two tort claims for false arrest/false imprisonment and assault and battery[8] should be dismissed for lack of subject matter jurisdiction.

---

[7] Notably, this exception applies regardless of whether the decision made by the employee or agency involves an abuse of that discretion. 28 U.S.C. § 2680(a).

[8] The Government also argues that Plaintiff's claim for assault and battery should be dismissed based on Plaintiff's failure to exhaust administrative remedies. ECF No. 21-1 at 14–15. Because the undersigned finds this claim should be dismissed for lack of jurisdiction under § 2680(a), the exhaustion argument is not addressed.

### ii.    Slander/Defamation and Slander/Defamation Per Se Claim

Plaintiff's Fourth Cause of Action asserts a claim for slander/defamation and slander/defamation per se. ECF No. 13 at 6–7. Section 2680(h) of the FTCA provides immunity for intentional torts including libel and slander. Though the "law enforcement proviso" of section 2680(h) waives immunity under the FTCA for certain intentional torts, resulting from the acts or omissions of investigative or law enforcement officers, this waiver does not include libel or slander. Thus, the "intentional tort exception" that preserves the United States' immunity for "[a]ny claim arising out of . . . *libel*, *slander*, . . . or interference with contract rights" remains and exempts these claims. *See* 28 U.S.C. § 2680(h) (emphasis added); *Millbrook*, 569 U.S. at 52. As such, the United States has immunity under the FTCA for claims for libel and slander.  Plaintiff does not appear to dispute immunity, nor does he argue any other basis for jurisdiction over this claim. Accordingly, the undersigned recommends dismissing Plaintiff's slander/defamation and slander/defamation per se claim, as set forth in the Fourth Cause of Action, for lack of subject matter jurisdiction.

### iii.    Negligence/Gross Negligence Claim

The Government asserts that Plaintiff failed to exhaust administrative remedies as to his Third Cause of Action for negligence/gross negligence.[9] ECF No. 21-1 at 14. Plaintiff argues that there was no administrative policy that would remedy the claim. ECF No. 28 at 8.

---

[9] The Government relies upon Plaintiff's Standard Form-95 ("SF-95") to support its argument. *See* ECF Nos. 23; 21-1 at 14. Plaintiff's SF-95 may be considered without converting a Rule 12(b) motion to dismiss into one for summary judgment. *See Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (holding "that when a defendant attaches a document to its motion to dismiss, a court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity" (citation and internal quotation marks omitted)).

"The FTCA provides that the Government cannot be sued for money damage arising from personal injury allegedly caused by the negligence of a Government employee acting within the scope of his or her employment, 'unless the claimant shall have first presented the claim to the appropriate Federal agency' for an administrative determination." *Holliday v. United States*, No. CV 2:18-0006-RMG, 2019 WL 1572980, at *1 (D.S.C. Apr. 11, 2019) (citing 28 U.S.C. § 2675(a)). "[T]he requirement of filing an administrative claim is jurisdictional and may not be waived." *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986).

A claim is deemed presented "when a Federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death." *Holliday*, 2019 WL 1572980, at *1 (citing 28 C.F.R. § 14.2(a)). "The claimant meets his burden if the notice (1) is sufficient to enable the agency to investigate and (2) places a sum certain value on [his] claim." *Id.* (citing *Ahmed v. United States*, 30 F.3d 514, 517 (4th Cir. 1994) (internal quotation marks omitted)). "[N]o particular form or manner of giving such notice is required *as long as the agency is somehow informed of the fact of and amount of the claim*." *Ahmed*, 30 F.3d at 517. "Because no statement of legal theories is required [on a Standard Form 95], only facts plus a demand for money, the claim encompasses any cause of action fairly implicit in the facts." *Holliday*, 2019 WL 1572980, at *1 (internal quotation marks omitted, alteration in original). "In short, the amount of information required is minimal." *Id.* (quoting *Burchfield v. United States*, 168 F.3d 1252, 1255 (11th Cir. 1999) (internal quotation marks omitted)).

The Government argues that Plaintiff failed to include the negligence/gross negligence claim on his SF-95 (ECF No. 23). ECF No. 21-1 at 14. Thus, they argue that he has not exhausted

his administrative remedies as to that claim because he failed to put the appropriate federal agency, in this case the DEA, on notice to investigate it. *Id.*

Plaintiff does not dispute that he did not directly claim "negligence/gross negligence" on his SF-95. *See* ECF No. 28 at 8. Instead, he argues that Defendants "would have been on notice for the claims" once they were made aware they had arrested the wrong suspect. *Id.* Plaintiff also argues that his case is analogous to *Holliday* and that he submitted a SF-95 form that was sufficient to have exhausted his administrative remedies for a negligence/gross negligence claim. *See* ECF No. 28 at 8.

In *Holliday*, the court held that the plaintiff, who alleged in his complaint a claim for medical malpractice, had exhausted his administrative remedies with regard to the claim, even though some of the specific theories of alleged negligence in his complaint were not specifically detailed on his two SF-95s. 2019 WL 1572980, at *2–3. Specifically, the plaintiff's complaint alleged theories of negligence that included failing to prescribe medication following surgery and failing to consult with the urology department when the plaintiff was readmitted to the hospital. *Id.* On his SF-95s, the plaintiff detailed the basis of his claim involved the surgery he had received and post-surgery care that led to complications and personal injury. *Id.* at *2. When describing the nature and extent of the injury on his forms, the plaintiff detailed that the care he received resulted in several surgeries and complications. *Id.* He did not specifically list failing to prescribe medication or failing to consult with the urology department. *Id.* The court found that the plaintiff's complaint provided factual allegations as to the negligent medical treatment and was "based on the same operative facts" as were previously presented to the agency in the SF-95s. *Id.* (quoting *Wood v. United States*, 209 F. Supp. 3d 835, 840 (M.D.N.C. 2016)).

Here, the allegations in Plaintiff's Amended Complaint supporting his Third Cause of Action for negligence/gross negligence pertain to the pre-arrest actions of Defendants, including, but not limited to, "failing to adopt and implement rules and policies to protect against void, invalid, and facially deficient warrants," ECF No. 13 at ¶ 24(c); "failing to train and supervise employees to enter factually accurate information for pre arrest identification," *id.* at ¶ 24(d); and "failing to adopt and implement rules and policies regarding pre arrest identification procedure and the standards of probably [sic] cause or if such rules and policies exist, failing to enforce compliance with them," *id.* at ¶ 24(e).

When describing the basis of his claim on his SF-95, however, Plaintiff alleges "false and wrongful arrest" and asserts that he was arrested on November 2, 2020, and charged with felony drug offenses when he "committed no crimes and was wrongly identified." ECF No. 23 at 1. In describing the nature and extent of his injury, Plaintiff lists "defamation, libel, slander, depression, anxiety, post traumatic stress disorder, intentional infliction of emotional distress, negligent infliction of emotional distress, lost wages, [and] lost employment." ECF No. 23 at 1. Absent from Plaintiff's SF-95 is any allegation of negligence/gross negligence.

Unlike the plaintiff in *Holliday*, whose SF-95s indicated issues with the same claim on which his complaint centered, Plaintiff's SF-95 here indicates that his claim was based on the arrest itself and its resulting injuries. The undersigned does not find that the SF-95 and the details provided in the "Basis of the Claim" or "Nature and Extent of Injury" sections provided notice "sufficient to enable the [DEA] to investigate" the wrongs Plaintiff now alleges in his Amended Complaint, notably the pre-arrest issues.[10] *See Holliday*, 2019 WL 1572980, at *1.

---

[10] To the extent Plaintiff's negligence/gross negligence claim is based upon a theory of failure of the DEA agents to properly investigate before executing his arrest, the undersigned finds that such

23

Although the amount of information necessary on the SF-95 form is minimal, claiming a "wrongful" arrest is not sufficient to provide notice to Defendant DEA that Plaintiff takes issue with the policies, procedures, training, and supervision used by the agency in completing a pre-arrest investigation. Generally claiming a wrongful arrest would not imply to the Government that its investigation was performed negligently.

The undersigned finds that without providing such notice, Plaintiff did not exhaust his administrative remedies as to his negligence/gross negligence claim. Because such requirement is "jurisdictional and may not be waived," *see Henderson*, 785 F.2d at 123, the claim should be dismissed for lack of jurisdiction.

### iv.    Emotional Distress Claim

In his Sixth Cause of Action, Plaintiff alleges that the Government's actions resulted in emotional distress. ECF No. 13 at ¶¶ 44–47. Plaintiff's emotional distress claim fails to provide the United States, or the Court, "fair notice of what the claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555. Nevertheless, the Government construes the claim to allege damages for emotional distress, inflicted either negligently or intentionally.[11] ECF No. 21-1 at 15–17. The claim fails under either interpretation, not only because the claim fails to provide sufficient detail to show Plaintiff has any chance of success on the merits, *see Goldfarb*, 791 F.3d at 511, but also because the claim arises out of conduct that is immune from suit. *See Hammond v. Two Unknown Named Agents of U.S. Marshals Serv.*, No. CV 4:20-4298-JFA-TER, 2023 WL 2025206, at *4 n.3 (D.S.C. Jan. 9, 2023) (citing *Harms v. United States*, 972 F.2d 339, 1992 WL 203942, at *4–5 (4th Cir. Aug. 24, 1992)), *report and recommendation adopted*, No. CV 4:20-4298-JFA-

---

a claim would be barred by the discretionary function exception of § 2680(a), for the reasons set forth in Section II.B.2.i above.

[11]  Plaintiff's SF-95 includes both intentional infliction of emotional distress and negligent infliction of emotional distress in the "Nature and Extent of Injury" section. ECF No. 23 at 1.

TER, 2023 WL 2025171 (D.S.C. Feb. 15, 2023). Section 2680(h) expressly exempts claims "arising out of" the intentional torts immune from suit under the FTCA. Additionally, section 2680(a) provides immunity for claims "based upon" government employees' discretionary functions or duties. Because Plaintiff's purported claims for emotional distress necessarily arise out of claims that the undersigned recognizes as immune from suit under section 2680 of the FTCA, Plaintiff's emotional distress claim fails. Accordingly, the undersigned recommends dismissing this claim.

### III.        Motion to Conduct Jurisdictional Discovery (ECF No. 32)

Plaintiff has moved to conduct jurisdictional discovery. ECF No. 32. Plaintiff asserts that he is entitled to conduct jurisdictional discovery because Defendants failed to investigate the identity of the unknown suspect, which resulted in his unlawful arrest. ECF No. 32-1 at 3. He argues, thus, that the discretionary provision in 28 U.S.C. § 2680(a) does not apply. According to Plaintiff, the only way for him to show this failure to investigate at all would be "the testimony that was provided to the grand jury and any internal documentation." ECF No. 32-1 at 4. However, as noted above, an investigation—even an inadequate one—performed by a federal agency or its officers is a discretionary act that makes the actor immune from claims brought under the FTCA. *See Blanco Ayala*, 982 F.3d at 216; *Medina*, 259 F.3d at 229. Thus, this Court need not conduct further discovery into the facts surrounding Plaintiff's arrest to determine that the Court lacks jurisdiction over Plaintiff's FTCA claims.

Plaintiff also argues that the facts in question are tied to Defendants' basis for dismissal and, thus, further inquiry is needed. ECF No. 32-1 at 4–5. Plaintiff highlights that, when a defendant challenges the veracity of the facts supporting subject matter jurisdiction, the trial court may look beyond the complaint and conduct further discovery and evidentiary proceedings to resolve jurisdictional disputes. *See Kerns*, 585 F.3d at 193. That is true. *See id.* (explaining that

where the truth of the jurisdictional allegations are at issue, a court must determine whether "the jurisdictional facts are inextricably intertwined with those central to the merits" and, if so, wait to resolve the factual dispute until appropriate discovery is completed). *See id.*

However, where, as here, a defendant solely states that the facts, as pled, are insufficient to support a jurisdictional basis, the court is to assume the truth of the facts alleged. *Id.* ("When a defendant makes a facial challenge to subject matter jurisdiction, 'the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration.'" (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982))). Granting jurisdictional discovery is not required when defendants assert a facial challenge to jurisdiction. *See Durden v. United States*, 736 F.3d 296, 300, 307 (4th Cir. 2013) (denying jurisdictional discovery when plaintiff did not set forth additional information that could be acquired that would render the defendant liable); *Seaside Farm, Inc. v. United States*, 842 F.3d 853, 861 (4th Cir. 2016) ("A party is not entitled to discovery that would be futile or otherwise inadequate to establish a sufficient basis for jurisdiction.") (citing *Rich v. United States*, 811 F.3d 140, 146 (4th Cir. 2015)).

Defendants have not challenged the veracity of the facts underlying Plaintiff's allegations, but rather have asserted that the facts, as provided in the Amended Complaint, are insufficient to support subject matter jurisdiction. *See* ECF Nos. 21-1 at 17; 22-1 at 13. In short, there are no factual disputes arising from the allegations set forth in the Amended Complaint. As such, the undersigned finds that jurisdictional discovery is not necessary. Accordingly, Plaintiff's Motion is denied.

## CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that the Government's Motion to Dismiss, ECF No. 21, and the Individual Defendants' Motion to Dismiss, ECF No. 22, be **GRANTED,** and Plaintiff's lawsuit be dismissed.

It is further **ORDERED** that Plaintiff's Motion to Conduct Jurisdictional Discovery, ECF No. 32, is **DENIED**.

**IT IS SO RECOMMENDED and ORDERED.**

The parties are referred to the Notice Page attached hereto.

Molly H. Cherry
United States Magistrate Judge

October 4, 2024
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).