**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Michael James Taylor,<br><br>        Plaintiff,<br><br>  v.<br><br>United States of America, Drug Enforcement Administration, Rodney Rape, Gary Lawrence, Brendan McSheehy, and John Doe Officer,<br><br>        Defendants. | Case No. 2:23-cv-04671-RMG<br><br>**ORDER AND OPINION** |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge recommending that both motions to dismiss filed by Defendants United States of America and Drug Enforcement Administration (jointly, the "Government") and Defendants Rodney[1] Rape, Gary Lawrence, Brendan McSheehy, and John Doe Officer (collectively, the "Individual Defendants") be granted. (Dkt. No. 37). After the Defendants filed their motions to dismiss (Dkt. Nos. 21, 22), Plaintiff filed responses (Dkt. Nos. 28, 29), and Defendants filed their replies (Dkt. Nos. 30, 31). Also before the Court is Plaintiff's motion to conduct jurisdictional discovery. (Dkt. No. 32). Defendants filed a response (Dkt. No. 35), and Plaintiff filed a reply (Dkt. No. 36). After the R&R (Dkt. No. 37), Plaintiff filed objections (Dkt. No. 40), and Defendants filed a reply (Dkt. No. 44).

For the reasons set forth below, the Court adopts in part the R&R as the order of the Court, grants the Individual Defendants' motions to dismiss, grants in part and denies in part the Government's motion to dismiss, and denies Plaintiff's motion to conduct jurisdictional discovery

---

[1] Defendants clarify that Defendant Rape's legal first name is "Roddy," not "Rodney." (Dkt. No. 21-1 at 2 n. 2)

1

as moot. Specifically, the Court declines to adopt the portion of the R & R regarding Plaintiff's negligence claims against the United States, Section II.B.2.iii. The Court adopts all other sections of the R & R.

## I.     Background

For purposes of the ruling on the motions to dismiss, the Court agrees with the Magistrate Judge's summary of the relevant background facts but repeats certain pertinent facts here.

While conducting surveillance of suspects in an investigation of a drug distribution conspiracy, Defendants recorded a cell phone conversation between the known suspect and an unknown caller. (Dkt. No. 13 at ¶¶ 6,7). The cell phone number was never owned or used by the Plaintiff. (*Id*. at ¶ 7).

Defendants observed Daniel Frazer ("Frazer") arrive in a red Nissan Altima in North Charleston to meet the known suspect. *Id*. at ¶ 8). While the vehicle was purchased, owned, and used exclusively by Frazer, who neither lives with nor is related to Plaintiff, it was registered with Plaintiff's name and address, and Plaintiff alleges that Frazer put the registration in Plaintiff's name to secure car insurance. (*Id*. at ¶ 8). Shortly after the North Charleston meeting, Defendant McSheehy observed Frazer and the known suspect meet at a Taco Bell in Charleston. (*Id*. at ¶ 9).

After these two brief visual identifications, Defendants Rape, Lawrence, and McSheehy obtained Plaintiff's South Carolina driver's license photograph using the Altima's license plate and registration numbers and proceeding to, as Plaintiff alleged, "mistakenly and negligently and grossly negligently misidentify the Plaintiff as the actual unknown suspect under visual surveillance, Daniel Frazer." (*Id*. at ¶ 10). Plaintiff and Frazer have different appearances, ages, and addresses, and Defendants did not use any other investigative methods to determine the

identity of the real owner and driver of the Altima and the cell phone number used at the North

Charleston meeting. (*Id*. 13 at ¶ 9).

Plaintiff was arrested on or about November 2, 2020, by Defendant John Doe Officer and

spent the next twenty-two days in the Charleston County Detention Center. (*Id*. at ¶ 11). He was

fired from the two jobs he was working. (*Id*.). The charges were dismissed on or about March 18,

2021. (*Id*.).

## II.    Legal Standard

### A.  Review of R&R

The Magistrate Judge makes only a recommendation to this Court. The recommendation

has no presumptive weight, and the responsibility for making a final determination remains with

this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making

a *de novo* determination only of those portions of the Report to which specific objections are made,

and the Court may accept, reject, or modify, in whole or in part, the recommendation of the

Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C.

§ 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error.

*See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that

"in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but

instead must 'only satisfy itself that there is no clear error on the face of the record in order to

accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

"An objection is specific if it 'enables the district judge to focus attention on those issues—

factual and legal—that are the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the

Carolinas, LLC*, No. 0:15-cv-04009, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citation

omitted). A specific objection "requires more than a reassertion of arguments from the [pleading]

or a mere citation to legal authorities." *Sims v. Lewis*, No. 6:17-cv-3344, 2019 WL 1365298, at *2 (D.S.C. Mar. 26, 2019). It must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Thus, "[i]n the absence of specific objections ... this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009).

## B.  Rule 12(b)(1) Motion to Dismiss

A motion to dismiss under Rule 12(b)(1) represents a challenge to the court's subject matter jurisdiction. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 507 (2006). "When a Rule 12(b)(1) motion challenge is raised to the factual basis for subject matter jurisdiction, the burden of proving subject matter jurisdiction is on the plaintiff." *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). "The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. "[W]hen a defendant asserts that the complaint fails to allege sufficient facts to support subject matter jurisdiction, the trial court must apply a standard patterned on Rule 12(b)(6) and assume the truthfulness of the facts alleged." *Kerns v. United States*, 585 F.3d 187, 193 (4th Cir. 2009).

## A.  Rule 12(b)(6) Motion to Dismiss

Fed. R. Civ. P. 12(b)(6) permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses . . . .  Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.1992) (quotation marks and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint

4

and the existence of any fact that can proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 1980). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III.    Discussion

Plaintiff asserts six causes of action in his Amended Complaint: (1) a claim against Defendants for violations of Plaintiff's Fourth and Fourteenth Amendment rights, which he brings pursuant to 28 U.S.C. §§ 2671–80, 42 U.S.C. § 1983, and 42 U.S.C. § 1988; (2) a claim against Defendants for false arrest/false imprisonment, in violation of South Carolina law; (3) a claim against Defendants for negligence/gross negligence; (4) a claim against Defendants for slander/defamation and slander/defamation per se; (5) a claim against Defendants for assault and battery; and (6) a claim against Defendants under the FTCA, 28 U.S.C. §§ 2671–80. (Dkt. No. 13 at 2–9).

The Government moves to dismiss the Amended Complaint based on the Court's lack of subject matter jurisdiction, because (1) the Government is entitled to sovereign immunity as to Plaintiff's constitutional claims, slander/defamation and slander/defamation per se claims, and

5

emotional distress claims; (2) Plaintiff has failed to exhaust his administrative remedies for his negligence/gross negligence and assault and battery claims; and (3) the discretionary function exception to the Federal Tort Claims Act ("FTCA") exempts the Government from liability for certain torts, specifically false arrest/false imprisonment and assault and battery. (Dkt. No. 21-1 at 6–15). Alternatively, the Government argues that Plaintiff's Amended Complaint should be dismissed for failure to state a claim upon which relief can be granted. (*Id*. at 1).

The Individual Defendants move to dismiss the claims against them based on Plaintiff's failure to state a claim upon which relief can be granted. (Dkt. No. 22 at 1). The Individual Defendants base their arguments on (1) lack of a *Bivens* remedy, (2) qualified immunity, and (3) Plaintiff's improper assertion of the FTCA against individual officers. (*Id*. at 6–12). Alternatively, the Individual Defendants move to dismiss the claims against them based on a lack of subject matter jurisdiction. (*Id*. at 1).

### A.  Plaintiff's Constitutional Claim

To the extent Petitioner made objections to the R & R, the Court reviews the R & R *de novo*, otherwise, the Court reviews the R & R for clear error.

In his First Cause of Action, Plaintiff has sued Defendants under 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for a violation of his Fourth and Fourteenth Amendment rights.

### i.    The Government

The Court agrees with the Magistrate Judge's finding that the United States has not waived its sovereign immunity for constitutional misconduct. Therefore, the Government's motion to dismiss the First Cause of Action is granted. (Dkt. No. 21)

### ii.    Individual Defendants

The Magistrate Judge correctly construes Plaintiff's constitutional claim against the Individual Defendants as brought pursuant to *Bivens*. The Court also agrees with the Magistrate Judge's two step analysis determining whether Plaintiff can state a claim under *Bivens*. The Supreme Court has outlined the process for expanding causes of actions available under *Bivens*: 1) determining whether the case presents a new *Bivens* context, and 2) if the claim does arise in a new context, doing a special factors analysis to determine whether the judiciary is at least arguably less equipped than Congress to "weigh the costs and benefits of allowing a damages action to proceed." *Egbert v. Boule*, 596 U.S. 482, 492 (2022) (quoting *Ziglar v. Abbasi*, 582 U.S. 120, 135–38 (2017) (citation omitted)).

This case involves an alleged wrongful arrest as a result of an invalid warrant. (Dkt. No. 13 at ¶ 19). Because *Bivens* cases involve warrantless searches rather than invalid warrants, *see Annappareddy v. Pascale*, 996 F.3d 120, 135 (4th Cir. 2021), the Court agrees with the Magistrate Judge that Plaintiff's constitutional claim presents a new *Bivens* context.

The Magistrate Judge also correctly concluded that this case raises special factors that counsel against recognizing a *Bivens* remedy. There are administrative obstacles that risk the judiciary intruding on the authority of the executive branch. Allowing Plaintiff to plead this *Bivens* claim would "invite a wide-ranging inquiry into the evidence available to investigators, prosecutors, and the grand jury and could require a jury to determine what [officers] knew, what [they] did not know, and [their] state of mind at the time." *Annappareddy*, 996 F.3d at 134-35 (quotations and citation omitted). Therefore, the Court adopts the R & R as to Plaintiff's individual *Bivens* claims.

**B.   Plaintiff's Tort Claims Under the FTCA**

Plaintiff asserts five separate tort claims against Defendants. (Dkt. No. 13). The Magistrate Judge noted that Plaintiff presumably brings these claims under the FTCA to overcome the United States' sovereign immunity, and Plaintiff does not dispute this. S*ee Dalehite v. United States*, 346 U.S. 15, 30–31 (1953)). As the Magistrate Judge outlines, for a claim under FTCA to be actionable, it must be:

> [1] against the United States, [2] for money damages, ... [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

*Brownback v. King*, 592 U.S. 209, 217-18 (2021). For the reasons below, the Court agrees with the Magistrate Judge's recommendation that Plaintiff's tort claims be dismissed, with the exception of the negligence claim.

### i.    Individual Defendants

The Magistrate Judge correctly determined that Plaintiff cannot sue the Individual Defendants under the FTCA because the "United States is the only proper defendant in a FTCA claim." *Flemmings v. United States*, 2023 WL 4239122, at *3 (D.S.C May 31, 2023). Therefore, the Individual Defendants' motion to dismiss Plaintiff's tort claims is granted.

### ii.    The Government

Similarly, the Magistrate Judge correctly concluded that the DEA is also not a proper defendant for claims brought under the FTCA and that any tort claims asserted against the DEA should be dismissed. The Government argues that the Court does not have subject matter jurisdiction to hear Plaintiff's false arrest/false imprisonment, and assault and battery claims against the United States. (Dkt. No. 21-1 at 8–17).

8

a.   Law Enforcement Proviso under § 2680(h)

Under the "law enforcement proviso" of section 2680(h), immunity is waived under the FTCA if the claim is for assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution and results from the acts or omissions of investigative or law enforcement officers, which include "any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." 28 U.S.C. § 2680(h). However, the Government argues that the Unites States is still immune from suit for Plaintiff's tort claims because the discretionary exception, 28 U.S.C. § 2680(a), applies. (Dkt. No. 21at 11–14). The Magistrate Judge correctly noted that conduct that falls under the law enforcement proviso exception but is also discretionary under 28 U.S.C. § 2680(a), will remain immune. *See Medina v. United States*, 259 F.3d 220, 225 (4th Cir. 2001). The Fourth Circuit has noted that "actions underlying intentional tort allegations described in § 2680(h), if authorized and implemented consistent with federal law and the Constitution of the United States, may be considered discretionary functions under § 2680(a), even if they would otherwise constitute actionable torts under state law." *Id*. at 226.

The court agrees with the Magistrate Judge's analysis showing that false arrest and imprisonment are based on conduct squarely within officers' discretionary decisions to arrest and that those decisions involve public policy considerations. The Magistrate Judge correctly noted that Defendant's actions were discretionary, and Plaintiff's arguments are more properly characterized as negligent performance of a discretionary function. *See Blanco Ayala v. United States*, 982 F.3d 209, 216 (4th Cir. 2020) (quoting *Wood v. United States*, 845 F.3d 123, 128 (4th Cir. 18 2017)) ("the discretionary function exception protects government decisions 'even when made negligently.'").

9

The United States has immunity for claims based on an exercise of discretion 28 U.S.C. § 2680(a), and thus Plaintiff's tort claims for false arrest/false imprisonment and assault and battery against the Government are dismissed for lack of subject matter jurisdiction.

### b. Slander/Defamation and Slander/Defamation Per Se Claim

Plaintiff also asserts a claim for slander/defamation and slander/defamation per se. (Dkt. No. 13 at 6–7). The Magistrate Judge was correct to conclude that the United States has immunity under the FTCA for claims for libel and slander. Plaintiff does not appear to object to this analysis. Plaintiff's slander and defamation claims against Defendants are dismissed.

### c. Negligence/Gross Negligence Claim

The Magistrate Judge recommended dismissing Plaintiff's negligence claim because he did not exhaust administrative remedies before filing his complaint since his Standard Form 95 ("SF95") failed to provide notice "'sufficient to enable the [DEA] to investigate' the wrongs Plaintiff now alleges in his Amended Complaint. (Dkt. No. 37 at 23). Plaintiff objected, arguing that he did exhaust all administrative remedies because his SF95 gave sufficient notice to the DEA to investigate his claim. (Dkt. No. 28 at 8). Because Plaintiff objected to this section of the R & R, the Court reviews this de novo. The Court concludes that Plaintiff's negligence claim remains.

Plaintiff must exhaust administrative remedies and first present his claim to the appropriate federal agency, here, the DEA, before bringing a negligence claim against the United States. *See* 28 U.S.C. § 2675(a). A claim is deemed presented "when a Federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death." *Holliday v. United States*, 2019 WL 1572980, at *1 (D.S.C. Apr. 11, 2019) (citing 28 C.F.R. § 14.2(a)). "The claimant meets his burden if the notice (1) is sufficient to

enable the agency to investigate and (2) places a sum certain value on [his] claim." *Id.* (citing *Ahmed v. United States*, 30 F.3d 514, 517 (4th Cir. 1994) (internal quotation marks omitted)). "[N]o particular form or manner of giving such notice is required as long as the agency is somehow informed of the fact of and amount of the claim." *Ahmed*, 30 F.3d at 517. "Because no statement of legal theories is required [on a Standard Form 95], only facts plus a demand for money, the claim encompasses any cause of action fairly implicit in the facts." *Holliday*, 2019 WL 1572980, at *1 (internal quotation marks omitted, alteration in original). "In short, the amount of information required is minimal." *Id.* (quoting *Burchfield v. United States*, 168 F.3d 1252, 1255 (11th Cir. 1999) (internal quotation marks omitted)).

The Government asserts that Plaintiff failed to exhaust administrative remedies as to his negligence/gross negligence claim because he failed to include the claim on his Standard Form 95 ("SF95). (Dkt. No. 21-1 at 14). Plaintiff does not dispute that he did not directly claim "negligence/gross negligence" on his SF95, but rather argues that Defendants "would have been on notice for the claims" once they were made aware they had arrested the wrong suspect. (Dkt. No. 28 at 8).

Plaintiff's allegations in the Amended Complaint supporting the negligence claim include "failing to adopt and implement rules and policies to protect against void, invalid, and facially deficient warrants," (Dkt No. 13 at ¶ 24(c)); "failing to train and supervise employees to enter factually accurate information for pre arrest identification," (*id.* at ¶ 24(d)); and "failing to adopt and implement rules and policies regarding pre arrest identification procedure and the standards of probably [sic] cause or if such rules and policies exist, failing to enforce compliance with them," (*id.* at ¶ 24(e)).

11

SF95s "need not articulate the precise cause of action to satisfy the presentment requirement" *Abbott v. United States*, 78 F.4th 887, 899 (6th Cir. 2023). Indeed, the presentment requirements of the FTCA "requires only 'minimal notice'" *Id.* (quoting *Knapp v. United States*, 844 F.2d 376, 379 (6th Cir. 1988); *see also Blakely v. United States*, 276 F.3d 853, 864 (6th Cir. 2002) (quoting *Lundstrum v. Lyng*, 954 F.2d 1142, 1145 (6th Cir. 1991) (per curiam))("A claim submitted to the proper administrative agency is considered sufficient to satisfy the exhaustion requirement if it is a 'written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death.'"); *Khan v. United States*, 808 F.3d 1169, 1172 (7th Cir. 2015) ("All that must be specified, therefore, is 'facts plus a demand for money;' if those two things are specified, 'the claim encompasses any cause of action fairly implicit in the facts." (quoting *Murrey v. United States*, 73 F.3d 1448, 1452 (7th Cir. 1996))); *Goodman v. United States*, 298 F.3d 1048, 1056 (9th Cir. 2002) (noting that the plaintiff "was not required to provide [the agency] with a preview of the details of his federal complaint, nor required to describe in more than minimal detail the factual predicate for his claim.").

Here, in his SF95, Plaintiff alleges false and wrongful arrest and that he was charged with felony drug offenses when he "committed no crimes and was wrongly identified." (Dkt. No. 23 at 1). In describing the nature and extent of his injury, Plaintiff lists "defamation, libel, slander, depression, anxiety, post traumatic stress disorder, intentional infliction of emotional distress, negligent infliction of emotional distress, lost wages, [and] lost employment." (Dkt No. 23 at 1).

Plaintiff articulated that he committed no crime, was wrongly identified, and wrongfully arrested. (Dkt. No. 23). This alone is likely sufficient to put the DEA on notice that it failed to adopt or enforce policies to avoid these wrongful arrests or failed to properly train and supervise its employees. *See Abbott*, 78 F.4th at 896 (finding that a Standard Form 95 that presented a "failure

to extinguish fire" claim adequately presented a "failure-to-warn" claims despite the lack of specific factual assertions); *see also Holliday*, 2019 WL 1572980, at *2 (finding that Plaintiff's SF95 did not list "failing to prescribe medication or failing to consult with the urology department" but still alleged facts sufficient to make a negligence claim); *Coffey v. United States*, 906 F. Supp. 2d 1114, 1156 (D.N.M. 2012)(finding that Plaintiff's SF95, which did not assert claims of negligent screening, negligent transfer, and negligent hand off, was still sufficient to make those claims because Plaintiff's SF95 provided enough facts to put the agency on notice of "subsequent allegations in this federal case."). Because courts must accept the facts in a motion to dismiss in a light most favorable to the non-moving party, and the FTCA presentment requirement requires only minimal notice, the Court finds that the DEA was put on notice such that it was able to investigate Plaintiff's claim.

Further, Plaintiff's SF95 noted that Defendant was liable for "Negligent Infliction of Emotion Distress." (Dkt. No. 23 at 1). The first element of Negligent Infliction of Emotional Distress is that the "negligence of the defendant caused death or serious physical injury" *Land v. Barlow*, 2021 WL 6495298, at *11 (D.S.C. Nov. 17, 2021), *report and recommendation adopted*, 2021 WL 5997984 (D.S.C. Dec. 20, 2021). Because an essential element of one of Plaintiff's SF95 claims is negligence, Defendant was put on notice that Plaintiff takes issue with Defendant's alleged breach of duty. Therefore, Plaintiff did exhaust all administrative remedies and Plaintiff's negligence action against the United States remains.

d.  Emotional Distress

Plaintiff alleges that the Government's actions resulted in emotional distress. (Dkt. No. 13 at ¶¶ 44–47). The Court agrees with the Magistrate Judge's conclusion that Plaintiff's claims for

emotional distress arise out of claims recognized as immune from suit under section 2680 of the FTCA, and therefore Plaintiff's emotional distress claim is dismissed.

### C. **Motion to Conduct Jurisdictional Discovery**

The Court agrees with the Magistrate Judge's analysis of the requirements for jurisdictional discovery. Because the court is remanding the negligence claim to the Magistrate Judge for further pre-trial processing and dismissing all other claims, the Court dismisses Plaintiff's motion to conduct jurisdictional discovery (Dkt. No. 32) as moot.

### IV.    Conclusion

In light of the foregoing, the Court **ADOPTS-IN-PART** the R&R (Dkt. No. 37) as the Order of the Court.  The Court **GRANTS** Individual Defendants' motion to dismiss (Dkt. No. 22). The Court **GRANTS-IN-PART** and **DENIES-IN-PART** the Government's motion to dismiss (Dkt. No. 21). Plaintiff's negligence claim against the United States remains. The Court **DENIES** Plaintiff's motion for jurisdictional discovery as moot. (Dkt. No. 32). The matter is remanded to the Magistrate Judge for further pre-trial processing.

**AND IT IS SO ORDERED.**


 s/ Richard M. Gergel
Richard Mark Gergel
United States District Judge


November 26, 2024
Charleston, South Carolina

14