**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Michael James Taylor,<br><br>        Plaintiff,<br>v.<br><br>United States of America,<br><br>        Defendant. | Case No. 2:23-4671-RMG<br><br>**ORDER** |

      This matter is before the Court on the Report and Recommendation (R & R) of the Magistrate Judge. (Dkt. No. 99) recommending that Defendant's Motion to Dismiss (Dkt. No. 62) be granted. For the reasons set forth below, the Court adopts the Report and Recommendation as the Order of the Court and grants Defendant's Motions to Dismiss.

**I.    Background**

      During a surveillance operation by the Drug Enforcement Administration ("DEA"), a suspect was surveilled meeting with one Daniel Frazer. Frazer was driving a vehicle that he had purchased but had falsely registered under Plaintiff's name and address. DEA Agents, not yet knowing Frazer's identity, searched for the vehicle's registration information to find Plaintiff's name. The agents then obtained Plaintiff's driver's license photograph "to mistakenly and negligently and grossly negligently misidentify the Plaintiff as the actual unknown suspect under visual surveillance, Daniel Frazer." (Dkt. No. 13 ¶ 10).

      Believing Plaintiff was the individual driving the vehicle during a suspected illegal narcotics transaction, he was charged with Conspiracy and Possession with Intent to Distribute Cocaine and arrested on or about November 2, 2020, and spent the next twenty-two days in the

1

Charleston County Detention Center. (*Id*. at ¶11). Plaintiff was then fired from the two jobs he was working. (*Id*.). The charges were dismissed on or about March 18, 2021. (*Id*.).

Plaintiff brought this action against the government for unlawful arrest without reasonable suspicion or probable cause for negligence/gross negligence under the Federal Tort Claims Act. Plaintiff had brought other constitutional and tort claims against the government as well as four other named defendants that were dismissed by the Court for lack of subject matter jurisdiction and failure to state a claim. (Dkt. No. 45). Defendant filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1), asserting the Court lacks subject matter jurisdiction. (Dkt. No. 62). Plaintiff filed a Response in Opposition to the Motion (Dkt. No. 67) and Defendant replied (Dkt. No. 70). The Magistrate Judge issued a Report and Recommendation (Dkt. No. 99), Plaintiff objected (Dkt. No. 102), and Defendant replied (Dkt. No. 103). The matter is now ripe for review.

**II.    Legal Standard**

    **A. Magistrate's Report and Recommendation**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but

instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

### B. Motion to Dismiss

Fed. R. Civ. P. 12(b)(6) permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses .... Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.1992) (quotation marks and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 1980). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a Defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Id.*

### III. Discussion

Defendant asserts that Plaintiff's remaining claim for negligence/gross negligence under the Federal Tort Claims Act ("FTCA") should be dismissed because there is no waiver of sovereign immunity under the Act. (Dkt. No. 62). Plaintiff asserts that Defendant's Motion is barred by collateral estoppel and that there *is* a waiver of sovereign immunity under the FTCA. (Dkt. No. 67 at 7, 12). Defendant counters that collateral estoppel is not applicable to this case. After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's Objections, the Court agrees with the conclusions of the Magistrate Judge.

#### A. Collateral Estoppel

Collateral estoppel bars a party from relitigating an issue when: (1) the issue is identical to one previously litigated; (2) the issue was actually determined in the prior proceeding; (3) the issue's determination was a critical and necessary part of the decision in the prior proceeding; (4) that the prior judgment is final and valid; and (5) that the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the previous forum. *Collins v. Pond Creek Mining Co.*, 468 F.3d 213, 217 (4th Cir. 2006).

Plaintiff asserts that the arguments in Defendant's Motion to Dismiss have already been presented and ruled on by the Court in its previous motion. (Dkt. No. 67 at 12). However, Defendant's arguments in the instant motion are not identical to those raised previously, as required for collateral estoppel to apply. *See Pond Creek Mining*, 468 F.3d 213, 217 (For collateral estopped to apply "the issue sought to be precluded is identical to one previously litigated."). In its first motion to dismiss, Defendant argued the Court lacked subject matter jurisdiction and sought to dismiss Plaintiff's negligence claim for failure to exhaust administrative remedies, the Court rejected that argument. (Dkt. No. 45 at 10-13). In the instant motion, Defendant is arguing

4

that the Court lacks subject matter jurisdiction and seeks to dismiss Plaintiff's negligence claim based on an exception to the FTCA. Defendant sought and was granted a dismissal of Plaintiff's other claims under a similar argument, but not on Plaintiff's negligence claim.

Therefore, Defendant's motion to dismiss is not barred by collateral estoppel.

### B. Federal Tort Claims Act

Plaintiff asserts his claim under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 et. seq., alleging that Defendant was negligent in arresting Plaintiff. Defendant argues the court lacks subject matter jurisdiction over the FTCA claim due to the FTCA's discretionary function exception.

The FTCA provides for a limited waiver of the Government's sovereign immunity from suit by allowing a plaintiff to recover damages in a civil action caused by the "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). This waiver of immunity, however, is subject to exceptions. See 28 U.S.C. § 2680 (providing exceptions to the provisions of the Tort Claims Procedure statutes and to § 1346(b)'s waiver of sovereign immunity).

Relevant here is the discretionary function exception. *McMellon v. United States*, 387 F.3d 329, 335 (4th Cir. 2004). Under this exception, the United States is not liable for "[a]ny claim ... based upon the existence or performance or the failure to exercise or perform a discretionary function or duty on the part of the federal agency or an employee of the Government." 28 U.S.C. § 2680(a). The discretionary function exception preserves sovereign immunity even if the Government was negligent. *Blakey v. U.S.S. Iowa*, 991 F.2d 148, 152 (4th Cir. 1993), and even if

the government employee abused his or her discretion. 28 U.S.C. § 2680(a). If the discretionary function applies, then the claim is outside the limited waiver of immunity created by the FTCA and the district court is without subject matter jurisdiction to adjudicate it. *Medina v. United States*, 259 F.3d 220, 223-24 (4th Cir. 2001). The Plaintiff has the burden of showing the FTCA waiver of immunity applies and that the statutory exceptions do not apply. *Welch v. United States*, 409 F.3d 646, 651 (4th Cir. 2005). The FTCA's limited waiver of sovereign immunity and its exceptions must be strictly construed in favor of the sovereign. *Id*. at 650-51; *Lane v. Pena*, 518 U.S. 187, 192 (1996).

In *United States v. Gaubert*, the Supreme Court articulated a two-part test for determining when the discretionary function exception applies. *Gaubert*, 499 U.S. 315 (1991). First, the "exception covers only acts that are discretionary in nature, acts that 'involv[e] an element of judgment or choice.'" *Id*. at 322 (quoting *Berkovitz v. United States*, 486 U.S. 531, 536 (1988)). In other words, if the employee has a choice in the manner of performance, the discretionary function exception will apply. *See also Berkovitz*, 486 U.S. at 536 ("[T]he discretionary function exception will not apply when a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow. In this event, the employee has no rightful option but to adhere to the directive.").

Second, if the alleged conduct involves discretionary judgment, the Court must determine "whether that judgment is of the kind that the discretionary function exception was designed to shield." *Gaubert*, 499 U.S. at 322–23 (internal quotation marks omitted). "Because the purpose of the exception is to prevent judicial second-guessing of the legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort, when properly construed, the exception protects only governmental actions and decisions based on

considerations of public policy." *Gaubert*, 499 U.S. at 323 (internal citations and quotation marks omitted).

The Magistrate Judge correctly determined that the discretionary function exception applies to Plaintiff's claims. On the first prong of the discretionary function exception test, the Magistrate Judge analyzed Plaintiff's seven different bases for his negligence claim and properly concluded that each involved discretionary conduct. Moreover, the Magistrate Judge noted that in his Response to Defendant's Motion to Dismiss, Plaintiff appeared to concede that Defendant's conduct is discretionary. (Dkt. No. 67 at 11) ("In the matter at hand, the issue is not whether Defendant was acting in a discretionary function, the issue is whether the omission to perform an investigation into Plaintiff is of the type of conduct which the discretionary function exception was designed to shield. Plaintiff contends that Defendant was not acting within the scope of the discretionary function exception because the decision to not investigate the identity of the driver of the Red Nissan was not a decision based on considerations of public policy.").

On the second prong of the test, the court agrees with the Magistrate Judge's analysis showing that false arrest and imprisonment are based on conduct squarely within officers' discretionary decisions to arrest and that those decisions involve public policy considerations. "The decision as to how to locate and identify the subject of an arrest warrant prior to service of the warrant is susceptible to policy analysis." *Mesa v. United States*, 123 F.3d 1435, 1438 (11th Cir. 1997).

As the Defendant's challenged actions have met both prongs of the discretionary function exception, Plaintiff's claims are barred and the Defendant's motion for summary judgment is granted.

## IV.     Conclusion

In light of the foregoing, the Court **ADOPTS** the Report and Recommendation (Dkt. No. 99) as the Order of the Court. The Court **GRANTS** Defendant's Motion to Dismiss. (Dkt. No. 62).

**AND IT IS SO ORDERED.**

s/Richard Mark Gergel<br>
Richard Mark Gergel<br>
United States District Judge

Charleston, South Carolina
September 13, 2025